## McFADDEN LAMBERT COMPANY AND OTHERS v.
## WINSTON & NEWELL COMPANY.[1]

January 17, 1941.

No. 32,595.

*Fletcher, Dorsey, Barker, Colman & Barber,* for appellant.
*Belden H. Loftsgaarden,* for respondents.

HOLT, JUSTICE.

The complaint alleged that plaintiffs severally are engaged in the wholesale tobacco business at certain locations in the cities of Minneapolis and St. Paul, in this state, where specified brands

[1]Reported in 296 N. W. 18.

of cigarettes are sold by the carton; that defendant is also in the wholesale tobacco business at three different locations in said cities; that defendant, at its places of business, on February 9, 10, 12, 13, and 14, 1940, advertised for sale and sold at wholesale cigarettes in cartons of 200 each, of the brands mentioned "for less than cost for the purpose and with the effect of injuring competitors and destroying competition, including the plaintiffs and the business of the plaintiffs, in violation of Laws of Minnesota, 1939, chapter 403, and for the price of $1.12½ per carton."

The verified complaint and supporting affidavits being presented to the court and a restraining order requested, such order issued upon the filing by plaintiffs of a bond in the sum of $2,500 approved by the court, the order reading, that "pending the further order of this court, the defendant is hereby enjoined and restrained from advertising for sale, offering for sale, and selling at wholesale to retailers" from its three places in said cities the brands of cigarettes "for less than cost to such defendant, for the purpose and with the effect of injuring competitors and destroying competition." The order also directed defendant to show cause, at a special term of the court to be held February 24, 1940, why the "foregoing order, or some order of like purport and effect, should not be made permanent or continued in force until final judgment herein."

Defendant served a verified answer and made a return to the order to show cause supported by affidavit admitting that on February 12, 13, and 14, 1940, it did advertise and sell certain of said brands of cigarettes at its places of business for $1.12½ a carton; denied that it did so on February 9 or 10, 1940; averred that it bought said cigarettes of the manufacturers thereof, delivered at defendant's warehouse in Minneapolis, at a price per 1,000 cigarettes of $6.25 less a discount of ten per cent thereof and less a further discount, if paid within ten days, of two per cent of the purchase price after deduction of the ten per cent discount, making the cost price to it of $1.10¼ per carton, and that during the 12th, 13th, and 14th of February defendant purchased

said brands of cigarettes at last named price by paying cash within ten days of purchase. On the day of hearing, plaintiffs presented an affidavit of Mr. McFadden, the vice-president of one of the plaintiffs, to the effect that cash discount is an item not used in determining the cost of merchandise upon which prices are based, that "according to customs and usages, the vendor in his accounting considers and figures cash discounts as an expense, and that the purchasers figure cash discounts as a financial transaction of their business, and consider it as interest earned, and money borrowed by such purchaser for the purpose of taking advantage of said cash discounts is interest expenses paid * * *" Defendant's answer was served February 23, 1940. The reply thereto was served March 1, 1940.

The hearing upon the order to show cause resulted in this order:

"That the restraining order executed by the Honorable Gustavus Loevinger, one of the Judges of the District Court in and for Ramsey County, Minnesota, on the 15th day of February, 1940, be and the same is hereby continued in full force and effect until the trial of said action, or until further order of the court."

From this order defendant appeals.

Apparently there is some misunderstanding of Rule IV of this court [200 Minn. xxvii]. 2 Mason Minn. St. 1927, § 9493, contemplates that when a cause is appealed to this court the files in the court below be transferred to this court pending a decision of the appeal. Rule IV was designed to place the burden upon the appellant to see to it that the clerk below transferred the files within a definite time prior to the hearing of the appeal. In certain instances neither the parties nor this court may deem it essential for a decision to have all the files transmitted. The printed record may contain all the essentials needed for a decision. Of course, this court is not restricted to an examination of only that part of the files which an appellant has requested the clerk below to transmit to this court. In the instant case appellant's

attorneys did not cause the affidavit of McFadden of February 24 to be transmitted because of the belief that it was not filed. However, it is now a part of the files and stamped filed February 24, 1940. The judge who heard the order to show cause has endorsed upon the affidavit a certificate that it was considered by him on the hearing, but that the clerk had failed to file it. So it appears that the filing date now appearing thereon was made *nunc pro tunc,* at the direction of the court. An error of the clerk may be corrected by the court. So we must consider such affidavit as part of the files upon which the appealed order is based.

It is to be observed that the order appealed from is a temporary restraining order pending a final judgment therein. Such temporary restraining orders or injunctions rest largely upon judicial discretion. They should not be reversed unless the record discloses abuse of such discretion. 3 Dunnell, Minn. Dig. (2 ed. & Supps.) § 4490, and cases cited in note 89. The issue as made by the complaint, answer, and the McFadden affidavit of February 24 is whether or not the two per cent discount, if defendant pays cash within ten days of delivery from the manufacturer, enters into the cost price of cigarette cartons. There appears to be a dispute among accountants and wholesalers as to whether discount for cash enters into the cost price. Since by 3 Mason Minn. St. 1940 Supp. § 3976-47(a), the court is expressly empowered to grant injunctive relief against violations of the act, it would seem proper that where issue is fairly joined as to there being a violation of the act, there is no abuse of discretion in granting a temporary restraining order pending the suit. By § 3976-42 the "cost" as applied to the wholesaler or retailer shall mean:

"1. The actual current delivered invoice or replacement cost whichever is lower plus the cost of doing business at said location by said vendor." The last sentence of that section provides: "Any sale made by a wholesale vendor at less than 2 per cent above the manufacturer's published list price, less his published discounts, where the manufacturer publishes a list price, or in the absence of such a list price, at less than 2 per cent above the

actual current delivered invoice or replacement cost, for the purpose or with the effect of injuring competitors or destroying competition, shall be prima facie evidence of the violation of this act."

In the answer and return defendant alleges that with the two per cent cash discount its replacement cost is $1.10¼ per carton and "that its 'cost of doing business' * * * is, with respect to the cigarettes above named, less than 2¼ cents per carton." We think the last quoted allegation does not present a real issue. It cannot be that after the law has so carefully defined what enters into the cost of doing business (§ 3976-42) the party charged with violation thereof may, as a defense, allege and show that the particular item of merchandise upon which the accusation rests may be segregated from the entire business for the purpose of allocating as to it the "cost of doing business." There is a common overhead expense that cannot well be apportioned to the several items of merchandise included in the entire business. Much of what was decided when this fair trade law was attacked as unconstitutional has application here. See McElhone v. Geror, 207 Minn. 580, 292 N. W. 414. And it is apparent that in the instant case the issue is present and to be determined whether or not the sale of the cigarettes at the price admitted was "for the purpose or with the effect of injuring competitors or destroying competition." At any rate, the court below could properly conclude from the return to the order to show cause, the answer, and the McFadden affidavit dated February 24 that a reply would be interposed, as it was, putting in issue the allegations of the answer that the replacement cost of the cigarettes was $1.10¼ per carton, and that the defendant's cost of doing the business of wholesaling the cigarette cartons was less than 2¼ cents per carton. In that situation, it cannot be held that the court abused judicial discretion or committed error in continuing the temporary injunction granted until the issues presented could be finally tried.

Some criticism is directed at the wording of the restraining order, but we think the language is proper under the theory of the complaint and the relief therein asked.

The order is affirmed.

STONE, JUSTICE (concurring in result).

I concur in the result but cannot agree that defendant's allegation "that its 'cost of doing business' * * * is, with respect to the cigarettes above named, less than 2¼ cents per carton" does not present a real issue. Neither can I agree in the generalization that "there is a common overhead expense that cannot well be apportioned to the several items of merchandise included in the entire business." The subject matter is cost accounting. As to what can be done in apportioning defendant's overhead expense to its various departments, we do not know. The facts are not before us. Therefore, I submit that it is too early for us to say so much concerning them.

LORING, JUSTICE (concurring specially).

In view of the issues as now framed, I concur in the result, but the real issue has not been determined by the trial court and is not before us. Consequently we should not prejudge it.